**Louis ARIOLA, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 60714.**

Court of Criminal Appeals of Texas, Panel No. 1.

Oct. 24, 1979.

Rehearing En Banc Denied Nov. 21, 1979.

Terrence Gaiser, on appeal only, Moses Sanchez, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Chris Lorenzen, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the offense of attempted burglary of a building. V.T.C.A., Penal Code, Secs. 15.01 and 30.02. The jury found that the appellant had two prior felony convictions and punishment was automatically assessed at life in the Texas Department of Corrections. V.T.C.A., Penal Code, Sec. 12.42(d).

Appellant's court-appointed counsel initially filed a brief in which he concluded that the appeal in this case was frivolous and without merit. On February 21, 1979, this Court, in an unpublished per curiam opinion, abated this appeal because the brief filed by appellant's court-appointed counsel did not meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex.Cr.App.1969), as interpreted by *High v. State*, 573 S.W.2d 807 (Tex.Cr.App.1978). Court-appointed counsel was ordered to file a new brief.

Appellant's counsel has filed a supplemental brief which complies with this Court's opinion of February 21, 1979, and the appeal is reinstated.

■ Appellant, in his supplemental brief, initially contends that he was twice placed in jeopardy for the same offense after the jury in his first trial was unable to reach a verdict and a mistrial was declared. Appellant relies on *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Green v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), wherein the United States Supreme Court held that after a reversal for insufficiency of the evidence, a subsequent retrial violated the constitutional protection against double jeopardy. This court has held that the rule of *Burks* and *Green* should be given full retroactive application. *Ex parte Reynolds*, 588 S.W.2d 900 (1979). See also *Ex parte Dixon*, 583 S.W.2d 793 (1979).

The record in the instant case however clearly does not come within the rule of *Burks* and *Green*. The record reflects that after the jury had been deliberating approximately two hours and forty-five minutes at appellant's first trial, the appellant moved for a mistrial and asked that the court discharge the jury for its failure to agree on a unanimous verdict. Appellant's motion for mistrial was denied at that time. The record further reflects however that after the jury had deliberated approximately six hours, the jury indicated that they could not agree upon a verdict and asked to be discharged from further deliberation. The trial court found that the jury had been kept together for such a time as to render it

altogether improbable that they can agree upon a verdict. The record further reflects that appellant consented to the discharge of the jury at this time. It should be further noted that at the beginning of appellant's second trial, he entered a plea of former jeopardy and, under questioning by the court, appellant's counsel stated that he had requested a mistrial. The plea of former jeopardy was overruled. In *Chvojka v. State*, 582 S.W.2d 828 (Tex.Cr.App.1979), that where a mistrial is declared at the defendant's request, there is normally no bar to retrial, even if the defendant's motion is necessitated by prosecutorial or judicial error. The only exception would be where the motion for mistrial was the result of prosecutorial overreaching which is certainly not presented in the instant case.

Perhaps more directly in point is *Antwine v. State*, 572 S.W.2d 541 (Tex.Cr.App.1978), where this Court found that a mistrial declared after the jury was found to be deadlocked did not constitute an informal verdict of acquittal.

All the appellant has shown is that the jury was unable to reach a verdict, not that the evidence was insufficient. Appellant's first ground of error is overruled.

 Appellant, in his second ground of error, contends that the trial court's failure to grant his request for a transcription of the court reporter's notes from his first trial violated equal protection. Appellant asserts that the transcription of the court reporter's notes was necessary for impeachment purposes and for the effective presentation of his plea of former jeopardy. It should be noted that appellant was represented by the same counsel at both trials and that the second trial was conducted within two months of the first. Further, there is no showing that at any point during the trial did the appellant request the court reporter to read to the jury any of the testimony given at the first trial to demonstrate any inconsistency in the testimony of the witnesses.

Further, although counsel filed his request for a transcription of the court reporter's notes some thirty days prior to the second trial, the motion was not presented to the trial court until the day of trial. Counsel apparently saw no need prior to trial to obtain the transcription of the court reporter's notes from the first trial for either discovery purposes or for preparation. It should also be noted that at no time subsequent to the second trial did appellant make any attempt to have the transcription of the court reporter's notes from the first trial prepared and made a part of the record. No motion for new trial was filed nor does the record show any attempt to obtain an agreed statement of facts, bills of exception, or any objections to the appellate record. Under these circumstances, nothing is presented for review.

Appellant has also filed a pro se brief also arguing that he was denied a transcription of the court reporter's notes at his first trial and that he was denied effective assistance of counsel. Further discussion of appellant's pro se brief would add nothing to the jurisprudence of the State.

The judgment is affirmed.