234 So.2d 690 (1970)
Jose Manuel SOSA, Relator,
v.
The Honorable Oliver C. MAXWELL, As Circuit Judge of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County, Respondent.
Richard Austin GREENE, Relator,
v.
The Honorable Oliver C. MAXWELL, As Circuit Judge of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County, Respondent.
Nos. 69-443, 69-592.
District Court of Appeal of Florida, Second District.
April 17, 1970.
Rehearings Denied May 27, 1970.
Arnold D. Levine of Levine & Freedman, Tampa, for relator Sosa.
A. Dallas Albritton, Jr., Tampa, for relator Greene.
Earl Faircloth, Atty. Gen., Tallahassee, James Robert Yon, Special Asst. Atty. Gen., Tallahassee, and Paul Antinori, Jr., of Antinori, Cazin, Cohen & Thury, Tampa, for respondent.
LILES, Acting Chief Judge.
Relators, Jose Manuel Sosa and Richard Austin Greene, were indicted, tried and found guilty of murder in the first degree without a recommendation of mercy. They appealed their conviction and the Florida Supreme Court reversed with a rather confusing decision. The court, in a per curiam decision, said:
"After a careful review of the voluminous evidence here we are of the view that the evidence was definitely lacking in establishing beyond a reasonable doubt that the defendants committed murder in the first degree, and that the interests of justice require a new trial. The *691 judgments are accordingly reversed and remanded for a new trial." Sosa v. State, Fla. 1968, 215 So.2d 736, 737.
Justices Caldwell, Roberts and Adams dissented. Justice Ervin wrote a specially concurring opinion in which he urged reversal because of legal error. Justices Drew and Thornal joined in the specially concurring opinion.
Be that as it may, when the case came back for a new trial Sosa and Greene filed a Suggestion for a Writ of Prohibition prohibiting the trial judge from again trying Sosa and Greene of murder in the first degree. The trial judge denied their motion to transfer to the Criminal Court of Record, hence the suggestion for writ of prohibition.
The relators urge in this court that where an appellate court has reversed because of the insufficiency of the evidence it is tantamount to a finding of not guilty and to retry Sosa and Greene for murder in the first degree would constitute double jeopardy. We cannot agree with this conclusion under the facts of this case and we deny the writ of prohibition. The relators have not made a clear showing that the reversal by the Florida Supreme Court in this case was based on insufficiency of the evidence to establish an essential element or elements of the crimes charged. Rather, the reversal in this case appears to be based on a finding that the evidence, though technically sufficient, is so tenuous as to prompt an appellate court to exercise its discretion and, in the interest of justice, grant a new trial.[1]
Florida has on many occasions held that where the weight of evidence appears to the appellate court to be very weak, although apparently legally sufficient if all permissible inferences are made and certain witnesses believed or disbelieved, a new trial may be granted. In Lowe v. State, 1944, 154 Fla. 730, 737, 19 So.2d 106, 110, the court stated:
"We have held in many cases if, after a full and careful consideration of the entire record, the ends of justice will be best subserved in granting a new trial because of the inconclusiveness of the testimony offered to establish the essential facts necessary to constitute the crime, then, and under these conditions and circumstances, it becomes the duty of this Court to reverse the cause for a new trial." (Emphasis supplied.)
In Skiff v. State, 1932, 107 Fla. 90, 91, 144 So. 323, the court put it thusly:
"The evidence in the instant case * * * is far from convincing. * * *
"We are convinced that justice demands a new trial."
The Florida Supreme Court spoke quite clearly in Fuller v. State, 1926, 92 Fla. 873, 110 So. 528:
"This court is very reluctant to interfere with the verdict of a jury on the facts. After a most careful consideration, however, of the evidence disclosed by this record, the court is of the opinion that while there is some evidence to identify the defendant as the guilty party, the evidence upon the essential issue of identity, taken as a whole, and considered in the light of the countervailing testimony on that question, is such that it is considered just and right that another jury should pass upon the issues made.

*692 "The judgment is therefore reversed and a new trial granted." (Emphasis supplied.)
See also Nims v. State, 1915, 70 Fla. 530, 70 So. 565.
It therefore appears that the cases are legion to support the decision of the court in the Sosa-Greene case that where the weight of the evidence is of very dubious probative value a new trial may be granted. We do not express an opinion as to the propriety of a new trial after a reversal for lack of sufficient evidence to establish, as a matter of law, the essential elements of the crime charged. Where this situation obtains, the trial judge should have directed a verdict of acquittal. In such instances several courts have perceived an application of the double jeopardy provision of the United States Constitution that would bar retrial after appellate reversal.[2] However, in the cases discussed above reversing on the weight of the evidence, it appears there was technically sufficient evidence to withstand a motion for a directed verdict of acquittal and thus double jeopardy is not in issue.
The relators primarily rely on Green v. United States, 1957, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, 61 A.L.R.2d 1119. We have no quarrel with the holding in the Green case but do not believe that the case is applicable here. In the Green case the petitioner, Everett D. Green, was indicted and charged with two counts, arson and murder in the first degree. The jury returned a verdict finding defendant guilty of arson under the first count and second degree murder under the second count. The defendant appealed and the court reversed his conviction of murder in the second degree. On remand the defendant was tried again for first degree murder under the original indictment, was found guilty of murder in the first degree and this was appealed and the Supreme Court reversed.
We think the holding in the Green case is proper. The jury found the defendant guilty of murder in the second degree and the Supreme Court then held that the verdict was tantamount to acquitting him of murder in the first degree. Therefore, it was in fact double jeopardy to try the defendant a second time for murder in first degree as it apparently would be in Florida pursuant to Fla. Stat. § 920.09, F.S.A.
Relators urge that the Fifth Amendment prohibition against double jeopardy is made applicable to the states through the Fourteenth Amendment as held in Benton v. Maryland, 1969, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707. We agree that the Federal standards used in applying the Fifth Amendment's bar against double jeopardy are applicable to the states but we disagree that Green, supra, as relators would have us hold is controlling here.
Moreover, the relators have cited, and we have found, no cases interposing the prohibition against double jeopardy under the facts presented here. Indeed, some federal cases seem to allow a retrial after reversal even for fundamental insufficiency of evidence.[3] Indeed, it would constitute an anomaly in law if an appellate court could not reverse and remand for a new trial if it was of the opinion that the evidence, while legally sufficient to support the jury's verdict, was so far from convincing as to require a new trial in the interest of justice.
*693 For these reasons the Suggestion for Writ of Prohibition is denied and the instructions as contained in the Supreme Court's decision to remand for a new trial require that the case be remanded for a new trial on the charge of murder in the first degree.
MANN and McNULTY, JJ., concur.
NOTES
[1] We construe the language in the per curiam opinion of the supreme court that the evidence was "definitely lacking in establishing [guilt] beyond a reasonable doubt" as indicating that although some evidence on all elements of the crime was present, a grave doubt that affirmance would be in the interests of justice was raised in the minds of those members of the supreme court joining in the per curiam decision. This was sufficient to prompt them to reverse and remand for a new trial. Additionally, it is conceded that fundamental insufficiency of evidence was not raised on direct appeal in the supreme court.
[2] See Sapir v. United States, 1955, 348 U.S. 373, 75 S.Ct. 422, 99 L.Ed. 426; Forman v. United States, 1960, 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412; People v. Brown, 1968, 99 Ill. App.2d 281, 214 N.E.2d 653; State v. Moreno, 1961, 69 N.M. 113, 364 P.2d 594.
[3] Watkins v. United States, 5th Cir.1969, 409 F.2d 1382; Clark v. United States, 5th Cir.1961, 293 F.2d 445; Sentner v. United States, 8th Cir.1958, 253 F.2d 310. Cf. Bryan v. United States, 1950, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335. But see Sapir v. United States, 1955, 348 U.S. 373, 75 S.Ct. 422, 99 L.Ed. 426 and cf. Forman v. United States, 1960, 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412.