302 So.2d 202 (1974)
Richard Austin GREENE, Appellant,
v.
STATE of Florida, Appellee.
Jose Manuel SOSA, Appellant,
v.
STATE of Florida, Appellee.
Nos. 72-214 and 72-223.
District Court of Appeal of Florida, Fourth District.
October 25, 1974.
A. Dallas Albritton, Jr., Tampa, for appellant-Greene.
Arnold D. Levine, Tampa, for appellant-Sosa.
Robert L. Shevin, Atty. Gen., Tallahassee, and Frank B. Kessler, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Chief Judge.
Appellants were convicted on January 15, 1972 of first degree murder and each sentenced to life imprisonment. Their respective appeals were consolidated in this court and we treated the brief as being on their joint behalf. Although three points were raised none merit reversal, and only the first merits any discussion.
*203 Part of the early history of this case is succinctly set forth in the specially concurring opinion of Justice Ervin in the case of Sosa v. State, Fla. 1968, 215 So.2d 736, at 737, which we quote as follows:
"The appellants, Jose Manuel Sosa and Richard Austin Greene, were indicted on September 7, 1965 for the murder of Nicanor Martinez. The indictment charged that Sosa, from a premeditated design to effect the death of Nicanor Martinez did hire, procure, aid, abet and counsel Richard Greene to murder said Nicanor Martinez. Greene was charged with the premeditated murder of Nicanor Martinez by shooting him with a pistol. On November 25, 1965 after a joint trial in the Circuit Court for Hillsborough County, Florida, the jury returned verdicts finding both appellants guilty of first degree murder, without recommendation of mercy, and the court sentenced each appellant to death."
In the cited case, appellants' November 25, 1965 convictions were reversed, the Supreme Court's per curiam decision stating, in its entirety, the following:
"After a careful review of the voluminous evidence here we are of the view that the evidence was definitely lacking in establishing beyond a reasonable doubt that the defendants committed murder in the first degree, and that the interests of justice require a new trial. The judgments are accordingly reversed and remanded for a new trial."
Upon remand from that decision, appellants filed their motion to transfer jurisdiction of the case to the Criminal Court of Record of Hillsborough County, a court having non-capital felony jurisdiction. The essence of the motion was that the Supreme Court's reversal of their conviction on insufficiency of the evidence required (under the principle of double jeopardy) that appellants not again be tried for the capital felony. The motion to transfer jurisdiction was denied, but a change of venue was granted and the retrial of the first degree murder charges was held in the Circuit Court of Orange County, Florida.
Appellants' first point is that under the double jeopardy protection of the state and federal constitutions, as well as the doctrine of res judicata, it was error to retry appellants on the charge of first degree murder when their original conviction on the same charge had been reversed by the Supreme Court on the grounds of insufficiency of the evidence to establish the charge beyond a reasonable doubt. Though we find the point to be academically intriguing, we need not and do not decide it. It appears that when appellants' motion to transfer jurisdiction to the Criminal Court of Record of Hillsborough County was denied, appellants immediately sought, in the Second District Court of Appeal, an original writ of prohibition directed to the Circuit Court of Hillsborough County whereby, on the identical grounds now raised before this court, appellants sought to prevent the Circuit Court of Hillsborough County from exercising further jurisdiction over the case. The Second District Court of Appeal denied the writ of prohibition, Sosa v. Maxwell, Fla. App. 1970, 234 So.2d 690. On the fundamental doctrine of res judicata (which appellants themselves espouse as one of the bases of their argument), we consider the decision of the Second District Court of Appeal in the case of Sosa v. Maxwell, supra, as absolutely dispositive of this issue between appellants and the State of Florida. We expressly reject appellants' contention that the denial of writ of prohibition by the Second District Court of Appeal in the case of Sosa v. Maxwell, supra, was merely an exercise of that court's discretion not to grant the writ. It is patent from the opinion of the Second District Court (234 So.2d 690) that its decision to deny the writ of prohibition was based squarely upon the merits of the issue presented by the petition before that court, which issue unquestionably is the identical issue raised by appellants' first point on this appeal. Cf., Hall v. State, Fla.App. *204 1971, 249 So.2d 59; Hicks v. State, Fla. App. 1963, 156 So.2d 22.
The respective judgments and sentences are severally affirmed.
Affirmed.
CROSS and DOWNEY, JJ., concur.