384 So.2d 24 (1980)
Richard Austin GREENE, Appellant,
v.
Raymond D. MASSEY, Etc., Appellee.
No. 57207.
Supreme Court of Florida.
May 8, 1980.
*25 John T. Chandler, Fort Pierce, for appellant.
Jim Smith, Atty. Gen., and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for appellee.
SUNDBERG, Justice.
This case comes to us on certification from the United States Court of Appeals for the Fifth Circuit pursuant to section 25.031, Florida Statutes (1979), and Florida Rule of Appellate Procedure 9.510. In the certification opinion, reported at 595 F.2d 221, the Fifth Circuit Court related the applicable facts and the questions certified, which are quoted below:
II. Statement of facts. On November 25, 1965, a Florida jury found Greene and a codefendant guilty of first degree murder. On appeal from this conviction the Supreme Court of Florida reversed, 4-3, and ordered a new trial. Sosa v. State, Fla., 1968, 215 So.2d 736. In a brief per curiam opinion, the Court stated, "[A]fter a careful review of the voluminous evidence here we are of the view that the *26 evidence was definitely lacking in establishing beyond a reasonable doubt that the defendants committed murder in the first degree, and that the interests of justice require a new trial." Id. at 737.
Three of the Justices who joined in the per curiam opinion filed a "special concurrence" in which reversible trial error was found. Id. at 737-746. In concluding their special concurrence, the Justices declared, "For the reasons stated the judgments should be reversed and remanded for a new trial so we have agreed to the Per Curiam order doing so." Id. at 746.
Seeking to avoid a second trial, Greene and his codefendant unsuccessfully sought a Writ of Prohibition in the Florida trial court. They argued that the Double Jeopardy Clause barred the state from retrying defendants for the same offense. The Second District Court of Appeal of Florida also denied the Writ. Sosa v. Maxwell, Fla.App., 1970, 234 So.2d 690. The Court determined that the Supreme Court of Florida's reversal of the first conviction was not based on insufficient evidence but rather "appears to be based on a finding that the evidence, though technically sufficient, is so tenuous as to prompt an appellate court to exercise its discretion and, in the interest of justice, grant a new trial." Id. at 691. Such a reversal, the Court stated, did not have double jeopardy consequences. On writ of certiorari, the Supreme Court of Florida denied the writ without opinion.
Greene was then retried, and he and his codefendant were again convicted of first degree murder. The Fourth District Court of Appeal of Florida affirmed this second conviction, holding that res judicata barred reconsideration of petitioner's double jeopardy argument. Sosa v. State, Fla. Dist. Ct. App., 1974, 302 So.2d 202. A petition for writ of certiorari was subsequently denied by the United States Supreme Court. Greene v. Florida, 1975, 421 U.S. 932, 95 S.Ct. 1660, 44 L.Ed.2d 89.
Following his unsuccessful direct appeal, Greene raised his double jeopardy claim in a habeas petition in the United States District Court. The District Court denied the petition. This denial was subsequently affirmed by the United States Court of Appeals for the Fifth Circuit on the grounds that a reversal for insufficient evidence did not bar retrial for the same offense. Greene v. Massey, 5 Cir., 1977, 546 F.2d 51.
This holding was reversed by the United States Supreme Court in Greene v. Massey, 1978, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15. The Supreme Court remanded the case to the Fifth Circuit for reconsideration in light of Greene and Burks v. United States, 1978, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d [1]. Observing the "varying interpretations" that could be placed upon the Supreme Court of Florida decision reversing Greene's original conviction, the Court suggested certification to the Supreme Court of Florida as one means of reaching a definitive interpretation of the holding in that case. Greene v. Massey, 437 U.S. at 26, 98 S.Ct. 2151.
III. Questions to be certified.

1. Under Florida law, what is the effect of a per curiam opinion with a special concurrence from a majority of the Justices joining in the per curiam opinion?
2. Under Florida law, what weight, if any, is to be attached to a Florida District Court of Appeal's interpretation of a decision of the Supreme Court of Florida?
3. Under Florida law, what is the legal significance of a reversal "in the interests of justice"?
4. Under Florida law, what is the precedential effect of a holding in which only a plurality of justices join?
5. Upon what grounds did the Supreme Court of Florida reverse the convictions in Sosa v. State, Fla., 1968, 215 So.2d 736?
(a) Was the reversal solely on the grounds of insufficient evidence? or
(b) Was the reversal solely on the grounds of trial error? or

*27 (c) Was the reversal based upon a combination of (a) and (b)?
(d) If not (a), (b), or (c), upon what grounds was the reversal based?
Our response to the certified questions is as follows:
Question 1. An opinion joined in by a majority of the members of the Court constitutes the law of the case. A concurring opinion does not constitute the law of the case nor the basis of the ultimate decision unless concurred in by a majority of the Court. Lendsay v. Cotton, 123 So.2d 745 (Fla. 3d DCA 1960); Ephrem v. Phillips, 99 So.2d 257 (Fla. 1st DCA 1957) (on rehearing), cert. denied, 101 So.2d 816 (Fla. 1958).
The situation here is unlike that in Carter v. Sparkman, 335 So.2d 802 (Fla. 1976), where a majority of the Court joined in both the opinion of Justice Roberts and the concurring opinion of Justice England. In Sosa v. State, 215 So.2d 736 (Fla. 1968), once the three members of the Court who joined in the special concurring opinion joined in the per curiam opinion, that opinion became the majority opinion of the Court in that case. The special concurring opinion has no precedential value and it cannot serve to condition or limit the concurrence in the per curiam opinion by the three who joined in the special concurring opinion.
There is a procedure by which those who joined in the special concurring opinion would not have been bound by the language of the per curiam opinion. Had there simply been entered a judgment of reversal and a remand for a new trial with each of the justices concurring for the reason stated in separate opinions, then none would be bound by any opinion except that in which he joined. In that event, however, there would have been a judgment by the Court disposing of the case, but no opinion of the Court. In contrast, here there was a per curiam opinion which gained a majority and this opinion constitutes the only opinion of the Court.
Question 2. As noted by the Fifth Circuit Court in its certification opinion, Greene and his codefendant unsuccessfully sought a writ of prohibition to prevent a retrial upon reversal of his conviction by this Court in Sosa v. State, 215 So.2d 736 (Fla. 1968). Their argument that such a retrial would violate the double jeopardy clause was rejected by the trial court and the District Court of Appeal, Second District, in Sosa v. Maxwell, 234 So.2d 690 (Fla. 2d DCA 1970). On certiorari from the district court decision, this Court declined to exercise its jurisdiction. Greene v. Maxwell, 240 So.2d 640 (Fla. 1970). At that point the decision of the district court became the law of the case with respect to the double jeopardy claim, at least insofar as the courts of the State of Florida are concerned. As a result, upon appeal from their conviction on retrial, the District Court of Appeal, Fourth District, properly declined to reconsider the same double jeopardy claim on the basis the prior district court decision was res judicata. Sosa v. State, 302 So.2d 202 (Fla. 4th DCA 1974).
Although the district court of appeal is without authority to overrule or modify either conclusions of fact or interpretation of law reached by this Court, it may in subsequent proceedings pass on issues which have not necessarily been determined and become the law of the case. Goodman v. Olsen 365 So.2d 393 (Fla. 3d DCA 1978). In this case the District Court of Appeal, Second District, interpreted our original decision in Sosa v. State, 215 So.2d 736, in order to adjudicate Greene's double jeopardy claim which had not been previously decided by this Court. Upon this Court's denial of certiorari, the district court's decision became the law of the case. Accordingly, in any subsequent proceeding on the same case, the decision of the District Court of Appeal, Second District, at 234 So.2d 690, interpreting our original opinion in Sosa v. State, 215 So.2d 736, is controlling in Florida with respect to the double jeopardy issue.
Question 3. We have already stated that the decision of the District Court of Appeal, Second District, constitutes the law of the case. Since under the circumstances *28 a response to the question posed would not be "determinative of the cause," we decline to undertake an academic discussion of the significance of a reversal "in the interests of justice." See § 25.031, Fla. Stat. (1979), and Fla.R.App.P. 9.510.
Question 4. We do not believe that the precedential effect of a holding in which only a plurality of the justices join is at issue here since a majority of the justices of the Court did in fact join in a majority opinion. Therefore, we do not address this question.
Question 5. We decline to revisit our original decision in Sosa v. State, 215 So.2d 736, by delving behind the face of the per curiam opinion in an attempt to define more clearly the intent of this Court in that decision. Greene and his codefendant had sought, and were denied, direct review of the decision of the District Court of Appeal, Second District, in their petition for certiorari to this Court. It would not now be appropriate for us to play the role of advocate in second guessing our predecessors in their reasons for denial of the writ. All points of law which have been adjudicated become the law of the case and are, except in exceptional circumstances, no longer open for discussion or consideration in subsequent proceedings in the case. Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965).
Accordingly, having responded to the certified questions found by us to be within the contemplation of section 25.031, Florida Statutes (1979), and Florida Rule of Appellate Procedure 9.510, we direct the Clerk of the Court to return the case file and transmit a true copy of this opinion to the United States Court of Appeals for the Fifth Circuit.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.