[Crim. No. 35136. Second Dist., Div. Four. Oct. 14, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
AUGUSTINE RODRIGUEZ SR., et al., Defendants and Appellants.

COUNSEL

Edward H. Smith and Michael W. McIsaac, under appointments by the Court of Appeal, for Defendants and Appellants.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and Sandy R. Kriegler, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**KINGSLEY, J.**—Defendants Rodriguez and Albillar, together with Delia Chavez, were charged with: (count I) possession of heroin for sale, in violation of section 11351 of the Health and Safety Code; (count II) possession of heroin, in violation of section 11350 of that code; and (count III) transportation of heroin, in violation of section 11352 of that code. Their motions under sections 1538.5 and 995 of the Penal Code were denied. After a trial by jury, Rodriguez was found guilty under counts I and III; Albillar was found guilty under count II. Proceedings were suspended and each defendant was granted probation. They have appealed; we reverse.

Acting on information of narcotic activity at a house occupied by defendant Rodriguez, police officers had the house and a car parked in front of it under surveillance. They observed the three defendants enter the car and proceed to drink wine and beer from bottles, some of which had been brought to the car in a paper sack by defendant Chavez. While the car was parked, defendant Rodriguez' son was seen to approach it, kneel down and apparently pass some object to defendant Albillar, who was seated in the passenger seat. After the car drove away, it was followed and stopped. The officers asked Chavez, who was seated in the back seat behind Albillar, to give them the bottle of beer she was drinking; she complied. As she gave the bottle to the officer she was observed to have recent "marks" of narcotic injection and to be in a condition indicating her to be then under the influence of some narcotic. The car was searched, resulting in the discovery of several bottles of wine and beer (some empty). Under the front seat on which Albillar was seated and directly behind which Chavez was seated, two empty

bottles and a container containing small baggies of narcotics were found.

## I

On this appeal, Rodriguez contends (although Albillar does not) that the search of the car was illegal. That contention is without merit. Having seen the occupants drinking liquor, and having received a partly empty bottle from Chavez, the officers were clearly entitled to search the body of the car for additional bottles; the container of narcotics was in plain sight and discovered only as an incident to the lawful search.

## II

Rodriguez had a record of sale of narcotics. After the trial court ruled that the People might show that record as bearing on the elements of knowledge herein involved, defendant stipulated as follows: "It is stipulated between the district attorney and counsel for Mr. Rodriguez that for the defendant, Augustine Rodriguez, Sr., and for him alone, if the jury finds that Augustine Rodriguez exercised dominion and control or had the right to exercise dominion and control over the balloons and that he knew of the presence of the balloons in the car, then it is stipulated that Augustine Rodriguez knew that the balloons contained heroin, a controlled substance.

"It is further stipulated that if the jury finds that Augustine Rodriguez possessed the balloons, then the jury must find that he possessed the balloons with the specific intent to sell them." That stipulation was read to the jury and no other evidence of Rodriguez' record was given in the presence of the jury—even the fact that the original surveillance was connected with a narcotic investigation was excluded.

Rodriguez here contends that the stipulation was "forced" because the ruling that would have allowed the People to prove the prior was erroneous. We agree that the ruling was erroneous, but conclude that it was not so prejudicial as, by itself, to require a reversal. Fourteen balloons of heroin were found under the seat of Rodriguez' car. Whoever put them there was unmistakably guilty of possession for sale. The only real issue was that which we discuss later in this opinion—namely whether Rodriguez knew that the balloons were under the seat. Rodriguez' prior narcotic activity had little probative value on that issue; it, at best, showed a propensity or character and was, therefore, inadmissi-

ble under section 1101 of the Evidence Code. However, the effect of the stipulation was no more than to limit the jury to consideration of the sole issue; it did Rodriguez no harm and, in fact, kept the jury from unnecessary speculation over an immaterial issue. Unless, on any retrial, Rodriguez should himself raise the issue of knowledge of the narcotic character of the balloons, evidence of his prior conduct should not be admitted. Of course, such evidence would be admissible if Rodriguez himself does raise that issue.

## III

■ It was the theory of the defense that other persons had ridden in and driven the car during the three days before the incident herein involved and that the container of narcotics might have been left in the car by one of them, without the knowledge of Rodriguez that it was hidden under the front seat. Rodriguez was permitted to testify, in support of that theory, to having given a ride to two hitchhikers. He offered to prove that his son had driven the car during the preceding period and to show, by his daughter, that the son was a known heroin addict. The trial court ruled that, if such evidence were offered, the stipulation would be vacated and Rodriguez' own record could be shown. As a result, the intended testimony was not offered. We conclude that the ruling was error.

Whether or not the son was an addict had no relation to Rodriguez' past criminal record. It is an unfortunate fact that children, even of the most sedate of citizens, become addicted to narcotics and do things because of that addiction without either the knowledge or approval of the parents. The evidence desired was of significance to the defense of lack of knowledge. The jury might well reject the theory that total strangers would abandon or forget a large quantity of narcotics in a car in which they were only hitchhikers; but a son, addicted to narcotics, might be believed to have stashed his own supply in his father's car. The exclusion of valuable testimony, supportive of a potentially credible defense, by the use of a threat having no relation to the offered testimony, requires a reversal.

## IV

■ Albillar contends, only, that the evidence does not support his conviction for possession. Albillar had no history of narcotic addiction. No evidence presented to the jury showed that he was aware of the sus-

picion that Rodriguez' house was a center of narcotic traffic or that Albillar was aware of Rodriguez' own narcotic involvement. The People present to us the purely speculative theory that the object the son was thought to have given Albillar was the package of narcotics found in the car. But, even assuming that Albillar was aware of the existence of the package, and possibly in constructive possession of it, the evidence is totally lacking as to one other essential element of a violation of section 11352—knowledge of the narcotic character of the item possessed. Albillar was shown only to be a passenger in a car in which alcoholic beverages were being illegally consumed. He may have seen the container when he placed empty bottles beneath his seat[1] but nothing in the record before us supports a finding that he knew that that container held narcotics.

The judgments are reversed. Since we reverse the judgment against Albillar on the ground of insufficiency of the evidence, the judgment against him is reversed with directions to dismiss the case against him. (*Greene* v. *Massey* (1978) 437 U.S. 19 [57 L.Ed.2d 15, 98 S.Ct. 2151].)

Files, P. J., and Munoz, J.,* concurred.

A petition for a rehearing was denied November 6, 1980, and respondent's petition for a hearing by the Supreme Court was denied December 10, 1980. Clark, J., and Richardson, J., were of the opinion that the petition should be granted.

---

[1]Even that is speculative, since it is equally likely that the bottles may have been placed under the seat by Chavez who was seated directly behind it.

*Assigned by the Chairperson of the Judicial Council.