Diane Marie MATTIAS, Appellant,

v.

STATE of Texas, Appellee.

No. 11–84–136–CR.

Court of Appeals of Texas, Eastland.

Dec. 13, 1984.

Mike McCollum, Law Offices of Mike McCollum, Dallas, J. Thomas Sullivan, Director, and Pamela B. Aymond of SMU Appellate Clinic, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., Dallas, for appellee.

RALEIGH BROWN, Justice.

This is an appeal from a conviction of the offense of misdemeanor prostitution wherein appellant was found guilty by the court of knowingly agreeing to engage in sexual conduct with another for a fee. Punish-

ment was assessed by the court at a fine of $1 probated for one day.

The offense of prostitution is defined in TEX.PENAL CODE ANN. sec. 43.02 (Vernon Supp.1984):

(a) A person commits an offense if he knowingly:

(1) offers to engage, agrees to engage, or engages in sexual conduct for a fee; or

(2) solicits another in a public place to engage with him in sexual conduct for hire....

Appellant was employed by a modeling agency to do nude and lingerie modeling. An undercover Dallas Police Vice Officer called the agency and requested that two girls be sent to a designated condominium. Appellant and another model responded to the call. On arrival at the location, the two immediately felt unsafe in the situation with the police officers, one a male and one a female, since there were beer cans strown around the room and the door was bolt locked immediately on their entrance. Because of such fear, the other model stated their fee, doubling same, telling the officers that the fee would be $65 for the agency and $200 per hour for each girl. She testified that by doubling the modeling tip she "figured that $530 and nobody is going to pay that so (they could) get out of there."

The male officer stated that the female officer wanted to be with a girl and he wanted a head job. The other model repeated that her tip was $200 and appellant stated, "I got $250." The two models were then arrested. The other model was acquitted on her jury trial.

Appellant testified that the reason she said "I want $250" in response to the male officer's statement was not with the intention of actually agreeing to engage in sexual conduct or of ever "giving a head job," but rather to "get out of there."

Appellant was charged that she did unlawfully "then and there knowingly offer to and agree with (male undercover officer)

... to engage in sexual conduct ∴.. for a fee."

The thrust of appellant's challenge on appeal regards the failure of the evidence to establish culpable mental state which under the statute is "knowingly." TEX. PENEL CODE ANN. sec. 6.03 (Vernon 1974) defines such culpable mental state as:

\* \* \* \* \* \*

(b) A persons acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result....

The offense may be committed if appellant knowingly offered to engage, or agreed to engage, or engaged in sexual conduct for a fee.

The trial judge made the following findings of fact:

1. The conversation regarding sexual contact was initiated by the male police officer.

2. That the defendant in an attempt to find a way out of the apartment replied, "I get two-fifty for that."

3. The defendant intended to convey to the officer that a contract was made so that she could get to use the telephone although the defendant never intended to consummate the contract committing the sexual act.

\* \* \* \* \* \*

The Court specifically finds that the intent of the defendant to convey a contract had been entered into even absent the intent to fulfill the act met the "knowingly" requirement.

Although it is clear that the appellant said the words, we hold that the finding by the court that she never intended to commit a sexual act and that the words were said in an attempt to find a way out of the apartment negated a culpable mental state of "knowingly" offering or agreeing to en-

gage in sexual conduct. Therefore, the trial court's finding that she never intended to consummate the contract is in conflict with, and does not support, her conviction of the offense of prostitution. The judgment of conviction is reversed and an acquittal entered. *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).