SCHEB, Acting Chief Judge.
Appellants, Full Circle Service, Inc. and Aetna Casualty & Surety Company, challenge the Department of Agriculture’s order directing them to pay for sod Full Circle purchased from Berry Investment Group, d/b/a The Berry Ranch.
Full Circle is a landscaper; Aetna is a surety securing payment to producers of agricultural products supplied to Full Circle. During 1986, Berry, an agriculture producer, billed Full Circle for sod sold on open account for its San Marino, Barnett and Iona Lakes jobs. Berry filed a complaint with the Department under section 604.21, Florida Statutes (1985), against Full Circle and Aetna seeking payment of $4,627 for sod invoiced to Full Circle for the San Marino and Barnett jobs. In addition to complaining about the quality of sod on the Barnett job, Full Circle claimed a set-off for losses on the Iona Lakes job.
The Department of Administrative Hearings officer rejected Full Circle’s claim to a set-off for losses on the Iona Lakes job and found Berry entitled to recover $4,073.40. The Department of Agriculture adopted the hearing officer’s recommended order and entered a final order directing payment of $4,073.40. This appeal ensued.
Full Circle argues that the Department erred in not adjusting its account with Berry to a zero balance based on the damages it sustained incident to its replacement of sod and “cover” on the Iona Lakes job. See Uniform Commercial Code, § 672.712, Fla.Stat. (1987). The Department concedes that under section 604.21 it has jurisdiction to consider affirmative defenses but contends it lacks jurisdiction to consider Full Circle’s claim of set-off arising out of a transaction for which Berry Ranch did not seek recovery. The Department suggests that Full Circle’s claim of set-off for the Iona Lakes job must be resolved in a separate judicial proceeding.
We previously remanded this case to the Department for the purpose of including in its final order a ruling on exceptions and the reasons for denying exceptions. Full Circle Service, Inc. v. Berry Investment Group, 535 So.2d 634 (Fla. 2d DCA 1988). At that time we ruled that the Department had not improperly rejected Full Circle’s claim of set-off. Since that issue was previously adjudicated, it is the law of the case. Greene v. Massey, 384 So.2d 24 (Fla.1980).
The Department candidly acknowledges that, despite uncontroverted evidence, the hearing officer failed to credit Full Circle $547 for its cost of replacement of sod on the Barnett job. It suggests, however, that reduction of Berry’s claim from $4,627 to $4,073.40 has the practical effect of making such allowance. Full Circle, on the other hand, contends that such reduction of $553.60 resulted from disal-lowance of portions of Berry’s claim not recoverable under section 604.21.
Accordingly, we remand to the Department to consider Full Circle’s entitlement to a deduction for cost for replacement of sod on the Barnett job as established in the record; otherwise we affirm.
DANAHY and THREADGILL, JJ., concur.