TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00732-CR







James Cunningham, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY


NO. 98-0197-2, HONORABLE ROBERT F. B. (SKIP) MORSE, JUDGE PRESIDING







A jury found appellant James Cunningham guilty of driving while intoxicated. See
Tex. Pen. Code Ann. § 49.04 (West Supp. 2001). The court assessed punishment at incarceration
for 180 days and a $2000 fine, but suspended imposition of sentence and placed appellant on
community supervision. We will affirm.

Appellant brings forward two related points of error. First, he contends the court
erred by overruling his motion to quash that portion of the information alleging that he drove with
an alcohol concentration of 0.10 or more. (1) Second, he contends the court erred by overruling his
objection to the inclusion of this theory of the offense in the jury charge.

To understand appellant's contentions, it must be noted that this was appellant's
second trial on this information. At the first trial, both theories of the offense were submitted to the
jury, which returned a general verdict of guilty. On appellant's appeal, this Court held that
appellant's intoxilyzer test results should not have been admitted in evidence absent interpretive
testimony by a qualified expert. Cunningham v. State, No. 03-99-00153-CR, slip op. at 7 (Tex.
App.--Austin Apr. 27, 2000, no pet.) (not designated for publication) (citing Harrell v. State, 725
S.W.2d 208, 209-10 (Tex. Crim. App. 1986)). We further held that without expert testimony
explaining to the jurors what the numbers "0.117" and "0.118" signified, there was no evidentiary
support for the allegation that appellant's alcohol concentration exceeded the legal limit and the
court's charge should not have authorized appellant's conviction on that basis over appellant's
objection. Id., slip op. at 11. We reversed and remanded for a new trial.

Before the second trial began, appellant moved to quash the second paragraph of the
information alleging excessive alcohol concentration. The motion was overruled. At trial, the State
offered evidence to support both the impaired faculties and alcohol concentration theories of the
offense, including the expert testimony interpreting the intoxilyzer results that it failed to offer at the
first trial. After the evidence was closed, appellant objected to the court submitting the alcohol
concentration theory of intoxication to the jury. This objection was also overruled. As at the first
trial, the jury was authorized to convict appellant of driving while intoxicated if it found that he
drove either while mentally and physically impaired due to alcohol consumption or while his alcohol
concentration exceeded the legal limit. Once again, the jury returned a general verdict of guilty. 

In his two points of error, appellant urges that the State was given a fair opportunity
at his first trial to prove that he drove with an alcohol concentration of 0.10 or more, and that the
State should not have been given a second opportunity to satisfy its burden of proof. This argument
rests on the holding in Burks v. United States, 437 U.S. 1 (1978). In that opinion, the Supreme Court
held that the Double Jeopardy Clause of the United States Constitution bars retrial of a defendant
whose conviction was reversed on appeal for lack of legally sufficient evidence to support the
verdict. Id. at 18. The holding in Burks is applicable to state criminal proceedings. Greene v.
Massey, 437 U.S. 19, 24 (1978). 

In Burks, the Supreme Court distinguished a reversal due to a failure of proof from
a reversal due to trial error. 


[R]eversal for trial error, as distinguished from evidentiary insufficiency, does not
constitute a decision to the effect that the government has failed to prove its case. As
such, it implies nothing with respect to the guilt or innocence of the defendant. 
Rather, it is a determination that a defendant has been convicted through a judicial
process which is defective in some fundamental respect, e.g., incorrect receipt or
rejection of evidence, incorrect instruction, or prosecutorial misconduct. When this
occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt
free from error, just as society maintains a valid concern for insuring that the guilty
are punished.



437 U.S. at 15. In our opinion on appellant's first appeal, we did not hold that the State failed to
prove that he drove while intoxicated. Indeed, appellant did not challenge the sufficiency of the
evidence. Appellant's original conviction was not reversed due to a failure of proof, but because of
the incorrect receipt of evidence and incorrect jury instructions. These were trial errors that did not
invoke the Double Jeopardy Clause on retrial. 

The points of error are overruled and the judgment of conviction is affirmed.



 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: September 13, 2001

Do Not Publish
1. The information contained two paragraphs, each alleging one of the two statutory definitions
of "intoxicated." The first paragraph alleged loss of normal mental and physical faculties due to
alcohol consumption. See Tex. Pen. Code Ann. § 49.01(2)(A) (West Supp. 2001). The second,
challenged paragraph alleged alcohol concentration above the legal limit. See Act of May 29,
1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 49.01(2)(B), 1993 Tex. Gen. Laws 3586, 3696 (Tex.
Pen. Code Ann. § 49.01(2)(B), since amended).