# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00732-CR

**James Cunningham, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
### NO. 98-0197-2, HONORABLE ROBERT F. B. (SKIP) MORSE, JUDGE PRESIDING

A jury found appellant James Cunningham guilty of driving while intoxicated. *See* Tex. Pen. Code Ann. § 49.04 (West Supp. 2001). The court assessed punishment at incarceration for 180 days and a $2000 fine, but suspended imposition of sentence and placed appellant on community supervision. We will affirm.

Appellant brings forward two related points of error. First, he contends the court erred by overruling his motion to quash that portion of the information alleging that he drove with an alcohol concentration of 0.10 or more.[1] Second, he contends the court erred by overruling his objection to the inclusion of this theory of the offense in the jury charge.

---

[1] The information contained two paragraphs, each alleging one of the two statutory definitions of "intoxicated." The first paragraph alleged loss of normal mental and physical faculties due to alcohol consumption. *See* Tex. Pen. Code Ann. § 49.01(2)(A) (West Supp. 2001). The second, challenged paragraph alleged alcohol concentration above the legal limit. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 49.01(2)(B), 1993 Tex. Gen. Laws 3586, 3696 (Tex. Pen. Code Ann. § 49.01(2)(B), since amended).

To understand appellant's contentions, it must be noted that this was appellant's second trial on this information. At the first trial, both theories of the offense were submitted to the jury, which returned a general verdict of guilty. On appellant's appeal, this Court held that appellant's intoxilyzer test results should not have been admitted in evidence absent interpretive testimony by a qualified expert. *Cunningham v. State*, No. 03-99-00153-CR, slip op. at 7 (Tex. App.—Austin Apr. 27, 2000, no pet.) (not designated for publication) (citing *Harrell v. State*, 725 S.W.2d 208, 209-10 (Tex. Crim. App. 1986)). We further held that without expert testimony explaining to the jurors what the numbers "0.117" and "0.118" signified, there was no evidentiary support for the allegation that appellant's alcohol concentration exceeded the legal limit and the court's charge should not have authorized appellant's conviction on that basis over appellant's objection. *Id.*, slip op. at 11. We reversed and remanded for a new trial.

Before the second trial began, appellant moved to quash the second paragraph of the information alleging excessive alcohol concentration. The motion was overruled. At trial, the State offered evidence to support both the impaired faculties and alcohol concentration theories of the offense, including the expert testimony interpreting the intoxilyzer results that it failed to offer at the first trial. After the evidence was closed, appellant objected to the court submitting the alcohol concentration theory of intoxication to the jury. This objection was also overruled. As at the first trial, the jury was authorized to convict appellant of driving while intoxicated if it found that he drove *either* while mentally and physically impaired due to alcohol consumption *or* while his alcohol concentration exceeded the legal limit. Once again, the jury returned a general verdict of guilty.

2

In his two points of error, appellant urges that the State was given a fair opportunity at his first trial to prove that he drove with an alcohol concentration of 0.10 or more, and that the State should not have been given a second opportunity to satisfy its burden of proof. This argument rests on the holding in *Burks v. United States*, 437 U.S. 1 (1978). In that opinion, the Supreme Court held that the Double Jeopardy Clause of the United States Constitution bars retrial of a defendant whose conviction was reversed on appeal for lack of legally sufficient evidence to support the verdict. *Id*. at 18. The holding in *Burks* is applicable to state criminal proceedings. *Greene v. Massey*, 437 U.S. 19, 24 (1978).

In *Burks*, the Supreme Court distinguished a reversal due to a failure of proof from a reversal due to trial error.

> [R]eversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, incorrect instruction, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished.

437 U.S. at 15. In our opinion on appellant's first appeal, we did not hold that the State failed to prove that he drove while intoxicated. Indeed, appellant did not challenge the sufficiency of the evidence. Appellant's original conviction was not reversed due to a failure of proof, but because of the incorrect receipt of evidence and incorrect jury instructions. These were trial errors that did not invoke the Double Jeopardy Clause on retrial.

The points of error are overruled and the judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   September 13, 2001

Do Not Publish