NUMBER 13-01-464-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

ROBERT
SANCHEZ,                                                              Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 



 

                   On appeal from the County Court at Law No. 1

                                  of Nueces County, Texas.



 

 

                                   O P I N I O N

 

                     Before Justices Dorsey, Hinojosa, and
Yañez

                                  Opinion by Justice Dorsey



 

Appellant,
Robert Sanchez, was charged by Information with five gambling offenses.  Specifically, he was charged with:








1)       intentionally or
knowingly operating or participating in the earnings of a gambling place,

2)       for gain,
intentionally or knowingly becoming a custodian of anything of value bet or
offered to be bet,

3)       knowingly using
or permitting another to use as a gambling place . . . . property owned by him
. . . . ,

4)       with the intent
to further gambling, knowingly . . . . possessing any gambling device. . . . ,

5)       with the intent to
further gambling, knowingly . . . . possessing gambling
paraphernalia.

 

Tex. Pen. Code ''
47.03(a)(1),(3), 47.04(a), 47.06(a),(c) (West 2000).

After the presentation of evidence, the trial court granted
Sanchez's motion for instructed verdict of not guilty on all counts except for
the violation of the second offense listed, ' 47.03(a)(3).  Tex. Pen. Code '
47.03(a)(3)  (West 2000).  The jury found Sanchez guilty of that offense
and he was sentenced to one year in jail, probated, and was ordered to pay a
$1000 fine, court costs, probation fees, and to perform eighty hours of
community service.  The court denied
Sanchez's motion for a new trial.  By two
points of error, Sanchez contends that the trial court erred in entering
judgment finding him guilty of violating '
47.03(a)(3).  See Tex. Pen. Code
'
47.03(a)(3)  (West 2000).  We reverse and render a judgment of
acquittal.   

Facts








Officer Steven Richard Day, with the Corpus Christi Police
Department, visited Slots of Luck at 5410 Everhart Drive, Corpus Christi, Texas
during the course of an undercover investigation into illegal gambling.  Slots of Luck housed thirty eight-liner
machines and sold food and drinks to customers. 
Officer Day played several of the eight-liner machines in Slots of Luck
and determined that they met the criteria for illegal gambling devices and
obtained a warrant to seize the machines and other evidence of gambling.  A bank deposit book from the First Community
Bank of Corpus Christi styled ARobert G.
Sanchez, Jr., Slots of Luck@ was found
during the search and the bank account was determined to belong to
Appellant.  Sanchez does not own the
building where Slots of Luck was located nor does he own the machines that were
seized.  Sanchez was not present at the
beginning of the warrant execution but arrived during the search after an
employee of Slots of Luck called him. 
Sanchez was arrested upon his arrival to the scene for multiple gambling
offenses.

Analysis

By his first issue, Sanchez argues that the evidence was
legally and factually insufficient to sustain his conviction for gambling
promotion.  

A legal sufficiency challenge requires us to question whether,
after viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318 (1979).  








Sanchez was found guilty of violating ' 47.03(a)(3),
which prohibits becoming a custodian of anything of value bet or offered to be
bet.  Tex.
Pen. Code '
47.03(a)(3)  (West 2000).  A bet is defined by the Texas Penal Code as
an agreement to win or lose something of value solely or partially by
chance.  Tex. Pen. Code ' 47.01(1) (West 2000).  Black's Law Dictionary defines Acustodian@ as anyone who
has charge or custody of property, papers, etc. and defines Acustody@ as the care
and control of a thing.  Black's Law Dictionary 347 (5th ed.
1979). 

In the State's oral argument, counsel argued that Sanchez
became custodian of the money when customers of Slots of Luck placed it in the
eight-liner machines.  The machines were
shown to operate solely by chance; therefore, the customers were in fact
placing bets with the money that they put in the machines.  However, it was never proven that Sanchez
owned these machines nor was it proven that he owned the building in which the
machines were operated or that he managed Slots of Luck.  Since refreshments were sold at the establishment,
it cannot be concluded that some or all of the money in the bank account in
question was derived from the eight-liner machines.  

When viewing this evidence in the light most favorable to the
prosecution, the connection between Sanchez and the contents of machines that
he does not own is too attenuated to deem him to be a Acustodian@ of the money
that customers of Slots of Luck were betting in the machines.  We find that a rational jury could not have
found the elements of the crime of gambling promotion beyond a reasonable doubt
and we sustain Sanchez's legal insufficiency point.  Jackson, 443 U.S. at 318. 








In Burks v. United States and Greene v. Massey,
the Supreme Court held that retrial is barred after an appellate determination
of insufficient evidence.  Burks v. United States, 437 U.S. 1, 18 (1978); Greene v.
Massey, 437 U.S. 19, 24 (1978). 
Thus, the remedy for a finding of legally insufficient evidence on
appeal is acquittal.  Gollihar v.
State, 46 S.W.3d 243, 246 n.4 (Tex. Crim. App. 2001).  

Sanchez also challenges the factual sufficiency of the
evidence.  Because the evidence is
legally insufficient, we need not determine whether the evidence is factually
sufficient.  See Clewis v.
State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).

By his second issue, Sanchez argues that the trial court erred
in overruling his objection when the prosecutor commented on his failure to
testify.  Because of our disposition on
the first point of error, it is not necessary to discuss the second point of
error.  Tex.
R. App. P. 47.1.    

We REVERSE the trial court's judgment and RENDER a judgment of
acquittal.  Tex. R. App. P.
43.2(c); Burks, 437 U.S. at 18; Greene, 437 U.S. at 24.

 

 

______________________________

J.
BONNER DORSEY,

Justice

 

Do not
publish.

Tex.
R. App. P. 47.3(b).

 

Opinion delivered and
filed

this
22nd day of August, 2002.