Michael L. MICHALENKO, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–82–403–CR(T).

Court of Appeals of Texas, Austin.

April 20, 1983.

Bill Buckner, Georgetown, retained, for appellant.

Edward J. Walsh, Dist. Atty., Ken Anderson, Asst. Dist. Atty., Georgetown, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

BRADY, Justice.

This is an appeal from a conviction of burglary of a habitation, habitual. The jury assessed punishment at life. Appellant argues two grounds of error: (1) that the evidence was insufficient to connect him with the offense, and (2) that, at the punishment stage, the evidence was insufficient to show that the second previous felony conviction occurred subsequent to the first previous felony conviction having become final. Since this is a circumstantial evidence case, we will review the facts in detail.

The State's first witness, the complainant, Jean Sherwood, testified that she lived in a mobile home park in Williamson County, when on April 28, 1980, she returned home from work to find that the locked doors to her home had been pried open, that her dogs which had been left outside were inside, and that her microwave oven and her clock radio were missing. One of her neighbors, Phillip Alexander, testified that he lived a block away, that about six o'clock that evening, the appellant had visited him at his home, that appellant was drinking a can of Schlitz beer, and that after visiting for ten minutes, left in an "older Plymouth, tan over brown" automobile. The third witness, Dennis Minnick, testified that he lives directly across the street from the victim, and on the day of the burglary he was working outside on his fence, when between six and seven o'clock that evening, a brown four-door Plymouth with two men in it drove up and parked in the street. The vehicle stayed there just a few minutes and then left only to return ten or fifteen minutes later. The driver got out of the car while the passenger, who appeared to be drinking something out of a can, remained. The driver went through a field to the victim's house, and at that time what Minnick thought were the complainant's dogs began to bark. Shortly thereafter, the dogs stopped barking. The witness then observed the driver returning through the vacant lot carrying something heavy that looked like a stereo. He placed the object in the trunk of the Plymouth and hastily departed. The witness was able to obtain the license number, and described the driver as having wavy brown hair, a droopy mustache, and someone who could have been Mexican-American. The State's fourth witness, Robert Fry, testified that his father formerly had a Plymouth bearing the same license number which was sold to a "Mike Michalenko" but this witness was unable to identify the appellant as the same Mike Michalenko to whom he sold the car. The State then introduced a certified copy of the DPS motor vehicle division's record of the license number, which showed a 1966 Plymouth, four-door, registered to the previous witness's father. The State's fifth witness, Carl Doyle, one of the deputy sheriffs who investigated the crime, testified that he found two pry marks on the sliding glass door of the victim's house but was unable to lift any prints from the house. As a part of his investigation, however, he found two Schlitz beer cans in the vacant lot next to the victim's house, one of which was still wet with condensation on the outside and had some beer left inside. The officer was unable to obtain any fingerprints from these cans. The State's last witness, Ray Hardison, another investigator from the Williamson County sheriff's office, testified that when he arrested appellant there was a brown Plymouth bearing the same license number as the car Minnick had seen parked at the residence where appellant was arrested. A photograph of appellant taken at arrest which showed he had a mustache was also admitted into evidence.

Appellant argues that this is a "weak circumstantial evidence case in which the appellate court will review the evidence in the light most favorable to the presumption of innocence." The State argues that they proved a number of interrelated small facts which taken together indicate a chain of events which can reasonably lead only to the conclusion that appellant is guilty.

The State's theory was that appellant had driven to the victim's house that evening to case it. And, after determining it would be an easy house to burglarize, he returned and parked his car, broke into the house, took the loot and put it in his trunk, and

because the dogs were barking, he let them in the house and shut the door so they could not be heard or follow him.

■ It is well settled that every circumstantial evidence case must necessarily be tested by its own facts to determine the sufficiency of the evidence to support the conviction. A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused. *Moore v. State,* 640 S.W.2d 300 (Tex.Cr.App.1982); *Autry v. State,* 626 S.W.2d 758 (Tex.Cr.App.1982); *Swink v. State,* 617 S.W.2d 203 (Tex.Cr. App.1981). *Compare Hankins v. State,* 646 S.W.2d 191 (Tex.Cr.App.1983) (circumstantial evidence charge no longer required; issue of test for sufficiency of evidence review on appeal not reached) *with Carlsen v. State,* No. 63,987, Tex.Cr.App., March 1, 1983 (not yet reported) (traditional circumstantial evidence method of review used). Proof amounting to only a strong suspicion or a mere probability is insufficient. It is not necessary, however, that every fact point directly and independently to the guilt of the accused, and the cumulative force of all the incriminating circumstances may be sufficient to warrant a conclusion of guilt. *Bryant v. State,* 574 S.W.2d 109 (Tex.Cr.App.1978); *Easley v. State,* 564 S.W.2d 742 (Tex.Cr.App.1978), *cert. denied,* 439 U.S. 967, 99 S.Ct. 456, 58 L.Ed.2d 425; *Stogsdill v. State,* 552 S.W.2d 481 (Tex.Cr.App.1977); *Flores v. State,* 551 S.W.2d 364 (Tex.Cr.App.1977). It is also not necessary that the circumstantial evidence exclude to a moral certainty every hypothesis that the crime was committed by another. *Moore v. State, supra, Autry v. State, supra. Contra Wilson v. State,* No. 072–82, Tex.Cr.App., March 23, 1983 (not yet reported).

In reviewing a circumstantial evidence conviction, the evidence is no longer examined in the light most favorable to the verdict, rather the evidence is examined in light of the presumption of innocence. *Carlsen v. State, supra.* No acts will be presumed against the accused that are not shown to have been committed by him. *Id.* Each case must be tested on its own facts. *Flores v. State,* 551 S.W.2d 364 (Tex.Cr. App.1977).

■ The appellant had been seen in the mobile home park where the burglary occurred by the victim's neighbor, Phillip Alexander, a short time before the burglary, driving a brown Plymouth four-door sedan. Appellant's car was also seen twice by another mobile home park neighbor, Dennis Minnick. However, Dennis Minnick was unable to identify appellant at the trial, and provided only a description of a man having brown hair and a mustache. Schlitz is a popular brand of beer, and the fact that appellant had a can of the beverage in his hand when he visited with Alexander just prior to the commission of the offense, and the fact that a Deputy Sheriff found empty Schlitz cans near where the appellant's car was parked, still wet and partly full, a short time thereafter does not necessarily place appellant at the place where the burglary suspects were seen. The license plate identification by Minnick together with the evidence that the vehicle was appellant's and was found at appellant's house when he was arrested are not such as would lead only to the conclusion of appellant's guilt. For example, a reasonable hypothesis would be that appellant's companion might have stolen the items without appellant's knowledge. The cumulative force of all the incriminating circumstances here does not exclude every other reasonable hypothesis and is insufficient to warrant the jury's conclusion of guilt. We sustain appellant's first ground of error, and thus need not consider appellant's second ground of error.

Because we find the circumstantial evidence insufficient to exclude every reasonable hypothesis except the guilt of the appellant, the trial court's judgment is reversed and reformed to show an acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).