Michael L. MICHALENKO, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–82–403–CR(T).

Court of Appeals of Texas, Austin.

Sept. 7, 1983.

Rehearing Denied September 7, 1983.

Discretionary Review Granted Jan. 18, 1984.

Larry Laden, Austin; and David K. Chapman, San Antonio, for appellant.

Edward J. Walsh, Dist. Atty., Ken Anderson, Asst. Dist. Atty., Georgetown, for appellee.

Before SHANNON, SMITH and BRADY, JJ.

## ON MOTION FOR REHEARING

BRADY, Justice.

The prior opinion of this Court, issued April 20, 1983, and reported at 649 S.W.2d 814, is hereby withdrawn, and the following opinion issued in its place.

This is an appeal from a conviction of burglary of a habitation, habitual. Punishment was assessed at life. Appellant argues two grounds of error: (1) that the evidence was insufficient to connect him with the offense, and (2) that, at the punishment stage, the evidence was insufficient to show that the second previous felony conviction occurred subsequent to the first previous felony conviction having become final. Since this is a circumstantial evidence case, we will review the facts in detail.

The State's first witness, the complainant, Jean Sherwood, testified that she lived in a mobile home park in Williamson County, when on April 28, 1980, she returned home from work to find that the locked doors to her home had been pried open, that her dogs which had been left outside were inside, and that her microwave oven and her clock radio were missing. One of her neighbors, Phillip Alexander, testified that he lived a block away, that about six o'clock that evening, the appellant had visited him at his home, that appellant was drinking a can of Schlitz beer, and that after visiting for ten minutes, left in an "older Plymouth, tan over brown" automobile.

The third witness, Dennis Minnick, testified that he lives directly across the street from the victim, and on the day of the burglary he was working outside on his fence, when between six and seven o'clock that evening, a brown four-door Plymouth with two men in it drove up and parked in the street. The vehicle stayed there just a few minutes and then left only to return ten or fifteen minutes later. The driver got out of the car while the passenger, who appeared to be drinking something out of a

can, remained. The driver went through a field to the victim's house, and at that time what Minnick thought were the complainant's dogs began to bark. Shortly thereafter, the dogs stopped barking. The witness then observed the driver returning through the vacant lot carrying something heavy that looked like a stereo. He placed the object in the trunk of the Plymouth and hastily departed. The witness was able to obtain the license number, and described the driver as having wavy brown hair, a droopy mustache, and someone who could have been Mexican-American.

The State's fourth witness, Robert Fry, testified that his father formerly had a Plymouth bearing the same license number which was sold to a "Mike Michalenko" but this witness was unable to identify the appellant as the same Mike Michalenko to whom he sold the car. The State then introduced a certified copy of the DPS motor vehicle division's record of the license number, which showed a 1966 Plymouth, four-door, registered to the previous witness's father.

The State's fifth witness, Carl Doyle, one of the deputy sheriffs who investigated the crime, testified that he found two pry marks on the sliding glass door of the victim's house but was unable to lift any prints from the house. As a part of his investigation, however, he found two Schlitz beer cans in the vacant lot next to the victim's house, one of which was still wet with condensation on the outside and had some beer left inside. The officer was unable to obtain any fingerprints from these cans.

The State's last witness, Ray Hardison, another investigator from the Williamson County sheriff's office, testified that when he arrested appellant there was a brown Plymouth bearing the same license number as the car Minnick had seen parked at the residence where appellant was arrested. A photograph of appellant taken at arrest which showed he had a mustache was also admitted into evidence.

Appellant argues that this is a "weak circumstantial evidence case in which the appellate court will review the evidence in the light most favorable to the presumption of innocence." The State argues that they proved a number of interrelated small facts which taken together indicate a chain of events which can reasonably lead only to the conclusion that appellant is guilty.

The State's theory was that appellant had driven to the victim's house that evening to case it. And, after determining it would be an easy house to burglarize, he returned and parked his car, broke into the house, took the loot and put it in his trunk, and because the dogs were barking, he let them in the house and shut the door so they could not be heard or follow him.

■■■ It is well settled that every circumstantial evidence case must necessarily be tested by its own facts to determine the sufficiency of the evidence to support the conviction. A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused. *Moore v. State*, 640 S.W.2d 300 (Tex.Cr.App.1982); *Autry v. State*, 626 S.W.2d 758 (Tex.Cr.App.1982); *Swink v. State*, 617 S.W.2d 203 (Tex.Cr.App.1981). Proof amounting to only a strong suspicion or a mere probability is insufficient. It is not necessary, however, that every fact point directly and independently to the guilt of the accused, and the cumulative force of all the incriminating circumstances may be sufficient to warrant a conclusion of guilt. *Bryant v. State*, 574 S.W.2d 109 (Tex.Cr.App.1978); *Easley v. State*, 564 S.W.2d 742 (Tex.Cr.App.) *cert. denied*, 439 U.S. 967, 99 S.Ct. 456, 58 L.Ed.2d 425 (1978); *Stogsdill v. State*, 552 S.W.2d 481 (Tex.Cr.App.1977); *Flores v. State*, 551 S.W.2d 364 (Tex.Cr.App.1977). It is also not necessary that the circumstantial evidence exclude to a moral certainty every hypothesis that the crime was committed by another but that the hypothesis be a reasonable one consistent with the circumstance and the facts proven. *Moore v. State, supra, Autry v. State, supra.* Cf. *Wilson v. State*, 654 S.W.2d 465 (Tex.Cr. App.1983).

After our original opinion was handed down in this cause, the Texas Court of Criminal Appeals in four cases decided in one opinion on the State's Motion for Rehearing,[1] has given our courts a standard of review when the sufficiency of the evidence is raised on appeal in a circumstantial evidence case, such as this one. That opinion, citing *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1974), stated that although *Jackson* was setting a standard of review of state convictions by Federal courts, the due process requirements that it announced were based expressly on the Fourteenth Amendment, and are binding on the states and "constitute a minimum standard for our sustaining a conviction." The Texas Court of Criminal Appeals in a footnote wrote:

> It is true that some opinions of the Court have quoted language apparently originating from the pen of an author or editor of *Texas Jurisprudence* to the effect that in circumstantial evidence cases an appellate court will "review the evidence in light of the *presumption that the accused is innocent.*" 18 Tex.Jur. § 309, p. 432.

The court stated that this was literally and technically inaccurate, and the writer's attempt to convey the notion that the State's burden of adducing proof beyond a reasonable doubt is but a conceptual corollary of the presumption of innocence, and a failure to produce that evidentiary quantum operates to absolve the appellant.

The court further emphasized that circumstantial evidence should not be tested by an *ultimate* "standard for review" different from direct evidence; the standard in both kinds of cases is whether "any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt."

As stated in Judge McCormick's concurring opinion,[2]

Logic dictates that if there is a "reasonable hypothesis" other than the guilt of the accused, then it cannot be said that the guilt has been shown "beyond a reasonable doubt."

Finally, that court speaking through Judge Clinton stated:

> Still, we are unable to devise or discover any reason, compelling or otherwise, for abandoning the utilitarian "exclusion of outstanding reasonable hypothesis" analysis for applying the above "standard for review" in circumstantial evidence cases. By the nature of circumstantial evidence, in order to determine it rationally establishes guilt beyond a reasonable doubt, a process of elimination must be used.... Stated in the converse, if the evidence supports an inference other than the guilt of the appellant, a finding of guilt beyond a reasonable doubt is not a rational finding.

■ The appellant had been seen in the mobile home park where the burglary occurred by the victim's neighbor, Phillip Alexander, a short time before the burglary, driving a brown Plymouth four-door sedan. Appellant's car was also seen twice by another mobile home park neighbor, Dennis Minnick. However, Dennis Minnick was unable to identify appellant at the trial, and provided only a description of a man having brown hair and a mustache. Schlitz is a popular brand of beer, and the fact that appellant had a can of the beverage in his hand when he visited with Alexander just prior to the commission of the offense, and the fact that a Deputy Sheriff found empty Schlitz cans near where the appellant's car was parked, still wet and partly full, a short time thereafter does not necessarily place appellant at the place where the burglary suspects were seen. The license plate identification by Minnick together with the evidence that the vehicle was appellant's and was found at appellant's house when he was

---

1. Consolidated appeals in *Wilson v. State,* 654 S.W.2d 465 (Tex.Cr.App.1983); *Freeman v. State,* 654 S.W.2d 450 (Tex.Cr.App.1983); *Carlsen v. State,* 654 S.W.2d 444 (Tex.Cr.App.1983) and *Denby v. State,* 654 S.W.2d 457 (Tex.Cr.

App.1983) all delivered on State's Motion for Rehearing on July 20, 1983.

2. *Wilson, et al. v. State,* 654 S.W.2d 465 (Tex. Cr.App.1983) (McCormick, J., concurring).

arrested are not such as would lead only to the conclusion of appellant's guilt. The cumulative force of all the incriminating circumstances here does not exclude every other reasonable hypothesis and is insufficient to warrant the jury's conclusion of guilt. We sustain appellant's first ground of error, and thus need not consider appellant's second ground of error.

Because we find that a rational trier of fact could not have found the essential elements of this crime beyond a reasonable doubt the trial court's judgment is reversed and reformed to show an acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

Reversed and Reformed.