**Brandon McKINNEY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–91–125–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 25, 1992.

Rehearing Overruled April 1, 1992.

Kenney Yarbrough, Denton, for appellant.

Bruce Isaacks, Criminal Dist. Atty., David C. Colley and Lisa Decker, Assts., Denton, for appellee.

Before HILL, MEYERS and DAY, JJ.

OPINION

MEYERS, Justice.

Appellant, Brandon McKinney, appeals from a conviction by the jury of sexual assault. *See* TEX.PENAL CODE ANN. § 22.-011(a)(1)(A) & (b)(3) (Vernon Supp.1992). Punishment was assessed by the jury at five years confinement, probated for five years, and a $5,000.00 fine.

Reversed; acquittal ordered.

On November 19, 1989, K.H., a nineteen-year-old female, was with McKinney and some other friends on a road trip to Denton. When they arrived in Denton, they picked up some beer and went to a local park to drink it. They left the park and drove out into the country. While en route to a friend's house McKinney and another passenger were sniffing paint in the back

seat. They arrived at the friend's house and smoked some marihuana. After they finished smoking the "joint" they continued driving out into the country towards Navo. While out in the country K.H. was sexually assaulted by McKinney and two other men. K.H. testified she did not resist because there were three of them and she was afraid they would kill her.

In his first and second points of error McKinney asserts that there is no evidence or insufficient evidence to support the jury's finding that the victim was physically unable to resist. He argues that she never testified she was physically unable to resist and chose not to resist because she was scared.

In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex. Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on reh'g).

"This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

■■■ The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

■■■ McKinney was convicted under TEX.PENAL CODE ANN. § 22.011(b)(3). A sexual assault is without the consent of the other person if:

(3) the other person has not consented and the actor knows the other person is unconscious or physically unable to resist. . . .

*Id.*

We begin our sufficiency review by considering the evidence that supports the jury's finding McKinney knew K.H. was physically unable to resist. First, McKinney testified that he knew "[s]he wasn't feeling very good." He also testified that when the other men were raping her "it almost made [him] throw up." Secondly, K.H. testified that she had a buzz and was intoxicated from the combined effects of the beer, the marihuana, and the paint fumes. Additionally, she testified she did not resist because "there was [sic] three of them and one of me" and that she was "afraid they'd try to kill me." Lastly, she testified that when McKinney got into the back of the car she sat up and asked, "Why are you doing this to me?"

Under the facts of this case, a reasonable trier of fact could have found McKinney guilty of section 22.011(b)(1), (the actor compels the person to participate by use of force), or subsection (b)(2), (the actor compels the other person to participate by threatening to use force), or even subsection (b)(4), (as a result of mental defect the person is incapable of resisting). However, after viewing the evidence a reasonable trier of fact could not have found beyond a reasonable doubt that K.H. was physically unable to resist, as subsection (b)(3) is contemplated by the Penal Code. Although, we have been unable to find any authority setting out the requisites for proving physically unable to resist under the new statute, under the old rape statute, TEX.PENAL CODE ANN. § 21.02(b)(3), in *Alvarez v. State* the victim was found to be physically unable to resist where the victim was suffering form acute diabetes mellitus and was lapsing into a diabetic coma prior to, dur-

ing, and after the sexual assault. *Alvarez v. State*, 649 S.W.2d 613, 623 (Tex.Crim. App. [Panel Op.] 1982) (opinion on reh'g), *cert. denied*, 464 U.S. 849, 104 S.Ct. 156, 78 L.Ed.2d 144 (1983).

In the present case, K.H. never testified she was unconscious or physically unable to resist. On the contrary, she testified she *was* physically able to resist. And further, that she was physically able to speak and move her arms and body. After viewing the evidence in the light most favorable to the verdict, we find a rational trier of fact could not have found the victim was physically unable to resist beyond a reasonable doubt. McKinney's first and second points of error are sustained.

Because the conviction must be reversed for insufficiency of the evidence to support the finding of guilty, the cause is remanded to the trial court with an order to enter a judgment of acquittal. *See Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

Judgment is reversed, and an acquittal is ordered.