NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0149n.06

No. 13-1323

UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT

DAVID LALL,                                      )
                                                 )
    Petitioner-Appellee,                     )
                                                 )
v.                                               )
                                                 )       ON APPEAL FROM THE
                                                 )       UNITED STATES DISTRICT
DAVID BERGH, Warden                              )       COURT FOR THE
                                                 )       WESTERN DISTRICT OF
    Respondent-Appellant.                    )       MICHIGAN
                                                 )
                                                 )

BEFORE:     SUHRHEINRICH, GIBBONS and COOK, Circuit Judges.

**SUHRHEINRICH, Circuit Judge.** Respondent-Appellant, David Bergh ("Bergh")
appeals from the order of the district court granting an unconditional writ of habeas corpus to
Petitioner-Appellee David Lall ("Lall"). We affirm.

**I.**

Petitioner David Lall, an emergency room nurse, was accused of sexually assaulting a
female patient, Carolee Womack, on August 20-21, 2004, in the emergency room at Lakeland
Hospital in St. Joseph, Michigan.[1] The state alleged that Lall was directed by an emergency
room physician to deliver Phenergan to Womack to control her nausea, but instead injected her
with Valium, which rendered Womack unconscious. Lall then allegedly sexually assaulted

_____

[1] The facts and procedural history of this case are thoroughly laid out in the magistrate judge's report and
recommendation dated January 2, 2013, and are incorporated by reference here. *See Lall v. Bergh*, No. 1:09-cv-453,
2013 WL 1035124 (W.D. Mich. Jan. 2, 2013). The decision of the Michigan Court of Appeals and the district
court's opinion adopting the report and recommendation are also instructive. *See People v. Lall*, No. 273165, 2008
WL 2468467 (Mich. Ct. App. June 19, 2008) (per curiam); Opinion dated May 18, 2009, R. 52, respectively.

Womack by penetrating both her mouth and vagina. Lall was charged with one count of first degree criminal sexual conduct, in violation of Mich. Comp. Laws § 750.520b (Count I or CSC I count), with several variables, and one count of delivery of a controlled substance with the specific intent to commit criminal sexual conduct, in violation of Mich. Comp. Laws § 333.7401a (Count II or delivery count). Count I included three theories: (1) that Lall sexually penetrated Womack while committing another felony, namely delivery of a controlled substance under Mich. Comp. Laws § 333.7401a; (2) that Lall sexually penetrated Womack using force or coercion, causing physical injury; and (3) that Lall sexually penetrated Womack while she was mentally incapacitated or physically helpless.

Lall was tried twice. The first jury acquitted Lall of Count II and could not reach a verdict as to Count I. The state trial court ("trial court") declared a mistrial on Count I. The trial court held that double jeopardy barred the state from retrying Lall on Count I under the first CSC I theory—sexual penetration in conjunction with the delivery of a controlled substance, but that double jeopardy did not prohibit the state from trying Lall under the second and third theories of CSC I. The trial court found that the jury based its acquittal on Count II on its finding that Lall did not inject Valium into Womack. Notwithstanding, the trial court also held that the state was not precluded by collateral estoppel from arguing to the jury that Lall delivered Valium to Womack without her consent in the second trial under the second and third theories of CSC I. The second jury convicted Lall of CSC I in a general verdict.

The Michigan Court of Appeals affirmed Lall's conviction, rejecting his arguments that double jeopardy prevented a retrial and that collateral estoppel precluded the state from introducing evidence that Lall administered Valium without Lall's consent. Applying the collateral estoppel test from *Ashe v. Swenson*, 397 U.S. 436 (1970), the state court of appeals

2

held that "the jury could have reasonably based its acquittal on more than one basis, not simply on the general factual conclusion that defendant did not administer a drug without consent to the victim." *People v. Lall*, No. 273165, 2008 WL 2468467, at *6 (Mich. Ct. App. June 19, 2008) (per curiam).

Lall filed this habeas petition. In a comprehensive report and recommendation issued after an exhaustive review of the first and second trial records, applying the *Ashe* test, the magistrate judge concluded that (1) the trial court's factual findings were reasonable and consistent with the record, (2) the court of appeals' contrary findings "were fantastic and wholly unsupported in the record of the case as it was actually tried," and (3) "[t]he court of appeals acted unreasonably when it reached a different conclusion without giving deference to, or even acknowledging, the trial court's determinations." The district court agreed that the state court of appeals acted unreasonably, directly contravening *Ashe*. The district court entered an unconditional writ releasing Lall from custody and barring any retrial for CSC I.

## II.

The state raises two issues on appeal. First, it asserts that the Michigan Court of Appeals reasonably applied *Ashe*, and that the district court and magistrate judge therefore erred in issuing the writ pursuant to 28 U.S.C. § 2254(d). Second, the state contends that if habeas relief is warranted, the appropriate remedy is a conditional writ, not an unconditional writ, because the record supports retrial under separate theories that the victim was physically helpless or that Lall used force to sexually assault Womack since neither conviction requires evidence of Lall injecting Valium into Womack.

We reject both arguments. As to the first issue: after reviewing the record of the first trial, we find ourselves in complete agreement with the magistrate judge and district court that

3

the Michigan Court of Appeals' decision is an unreasonable application of the *Ashe* doctrine. We therefore adopt their comprehensive findings and conclusions as to the first issue in their opinions issued on January 2, 2013, and March 14, 2013, respectively, and incorporate them by reference here.

As for the issuance of the unconditional writ, upon de novo review of the record of the first and second trial court records, we agree with the district court that there was not sufficient evidence to show that Lall sexually violated the victim while she was physically helpless without evidence that Lall injected her with Valium. The record is also devoid of proofs by the state that Lall sexually penetrated Womack while using force. *See Burks v. United States*, 437 U.S. 1, 18 (1978) (holding that "the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient"); *Greene v. Massey*, 437 U.S. 19, 24 (1978) (applying *Burks* holding to a state court conviction in a habeas action); *see also Lockhart v. Nelson*, 488 U.S. 33, 39 (1988) (holding that "an appellate court's reversal for insufficiency of the evidence is in effect a determination that the government's case against the defendant was so lacking that the trial court should have entered a judgment of acquittal, rather than submitting the case to the jury"). "The Double Jeopardy Clause forbids a [third] trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *Burks*, 457 U.S. at 11. The district court properly entered an unconditional writ. *See O'Laughlin v. O'Brien*, 568 F.3d 287, 309 (1st Cir. 2009) (holding that double jeopardy principles applied after the reviewing court found the evidence legally insufficient; directing district court to enter an unconditional release with prejudice). *See generally United States v. Atkinson*, 297 U.S. 157, 160 (1936) ("In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to

4

which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings."); *United States v. Meza*, 701 F.3d 411, 433-34 (5th Cir. 2012) (recognizing an appellate court's ability to address double jeopardy issues sua sponte in exceptional circumstances).

## III.

For the foregoing reasons, the judgment of the district court is AFFIRMED, for the reasons stated in both the magistrate judge's opinion dated January 2, 2013, and the district court's opinion dated March 14, 2013.