# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-07-00609-CR
NO. 03-07-00612-CR

**Ex parte Joe Samuel Griffith**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
NOS. D-1-DC-07-904052 & D-1-DC-07-904071
HONORABLE FRED A. MOORE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Joe Samuel Griffith's trial for two counts of burglary ended in a mistrial after the jury was unable to reach a verdict. Griffith subsequently applied for a writ of habeas corpus seeking to prevent a retrial on the ground that further prosecution would constitute double jeopardy. *See* U.S. Const. amend. V; Tex. Const. art. I, § 14. The trial court denied Griffith's application, and this appeal followed. In a single issue, Griffith asserts that double-jeopardy protections forbid retrial of his case after the trial court erroneously denied his motions for an instructed verdict due to the fact that the State had failed to prove an element of the charged offense. We affirm the order of the trial court denying habeas corpus relief.

## BACKGROUND

Griffith was indicted for two counts of burglary of a habitation and the case proceeded to a jury trial. In its case in chief, the State presented evidence that on March 28, 2006, Griffith broke into the home of his estranged wife, Marie Case, and, once discovered, assaulted Case and her

male companion.[1]  The main disputed issue at trial was whether Griffith owned or had a right to occupy the house, thereby making his entry lawful.  *See* Tex. Penal Code Ann. § 30.02(a)(1) (West 2003) (person commits offense of burglary if he enters habitation without effective consent of owner); *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006) ("the gravamen of a burglary is the entry without the effective consent of the owner and with the requisite mental state").  Both sides offered testimony regarding whether the house was owned solely by Ms. Case or whether Griffith had retained an ownership interest in the house, despite the fact that he had not occupied the property since Ms. Case initiated divorce proceedings in September of 2005.[2]

At the close of the State's evidence and again when both sides had rested, Griffith moved for an instructed verdict on the grounds of legal and factual insufficiency, arguing that the State had failed to prove beyond a reasonable doubt that Griffith was not an owner of the property. The trial court denied his motions, and the jury retired for deliberations.  Over two days of deliberations, during which it submitted four notes to the court and was read an *Allen* charge,[3] the jury indicated that it was deadlocked.  Griffith moved for a mistrial, which the trial court declared on August 10, 2007.  The case was reindicted, charging the original burglary counts as well as aggravated assault and attempted murder.  Griffith filed an application for writ of habeas corpus to prevent the State from prosecuting him on the new indictment, arguing that to do so would violate

---

[1]  The victims and the investigating officers testified that Griffith broke into the house just before midnight; he was dressed all in black and was wearing a mask and gloves.

[2]  During the six-month period in which she had been the sole occupant of the house, all of Griffith's possessions had been removed from inside the home and Ms. Case had changed the locks. Griffith did not have keys to the new locks, nor had he ever entered the house without Ms. Case's knowledge and express permission.

[3]  *See Allen v. United States*, 164 U.S. 492 (1896).

his right to be free from double jeopardy. After a hearing, the trial court denied his application, and this appeal followed.

**STANDARD OF REVIEW**

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts "in the light most favorable to the trial judge's ruling and should uphold it absent an abuse of discretion." *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). We afford the same amount of deference to the trial court's application of the law to the facts if the resolution of the ultimate questions turns on an evaluation of credibility and demeanor. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam). If the resolution of the ultimate questions turns on an application of legal standards, we review the determination de novo. *Id.*

**DISCUSSION**

Griffith argues that, because jeopardy had already attached when the jury was impaneled and sworn in his first trial, *see Crist v. Bretz*, 437 U.S. 28, 29 (1978), a second trial for the same offense would place him in double jeopardy. He aptly recognizes that in most situations where, as here, it is the defendant who requests a mistrial, a second trial does not rise to the level of double jeopardy.[4] *See Oregon v. Kennedy*, 456 U.S. 667, 676 (1982) ("A defendant's motion for a

---

[4] Moreover, when the mistrial is based on "manifest necessity," retrial will not be jeopardy-barred. *Oregon v. Kennedy*, 456 U.S. 667, 672 (1982); *State v. Torres*, 805 S.W.2d 418, 422 (Tex. Crim. App. 1991). The Supreme Court has long held that a mistrial resulting from a hung jury falls within the "manifest necessity" exception to the prohibition against double jeopardy. *Logan v. United States*, 144 U.S. 263, 297-98 (1892); *United States v. Perez*, 22 U.S. 579, 580 (1824). As a matter of policy, this exception is intended to permit the State to complete a prosecution against an alleged violator where "unforeseeable circumstances that arise during a trial [make] its completion impossible, such as the failure of a jury to agree on a verdict." *Richardson v. United States*, 468 U.S. 317, 324 (1984) (quoting *Wade v. Hunter*, 336 U.S. 684, 688-89 (1949)).

3

mistrial constitutes 'a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact.'" (quoting *United States v. Scott*, 437 U.S. 82, 93 (1978)). He maintains, however, that he is entitled to relief because the State failed to provide "even a scintilla of evidence" that Griffith was not an owner of the house, and thus to allow further prosecution would give the State "a second attempt" to prove its case in violation of the double jeopardy clause.

In support of this claim, Griffith cites to cases holding that after an appellate court reverses a guilty verdict because of insufficient evidence, subsequent retrial for the same offense is constitutionally barred. *See Burks v. United States*, 437 U.S. 1 (1978); *Greene v. Massey*, 437 U.S. 19 (1978); *see also Stephens v. State*, 806 S.W.2d 812 (Tex. Crim. App. 1990) (holding double jeopardy clause also bars subsequent retrial of lesser-included offense). He maintains that these cases stand for the principle that "if there was not sufficient evidence during the first trial for a jury to render a verdict of guilty, a second trial should be barred" by the double jeopardy clause.

In *Burks*, the case principally relied upon by Griffith, the defendant raised an insanity defense but was found guilty; reversing, the appellate court determined that the state had not produced sufficient evidence to rebut his claim of insanity, but then remanded the cause to allow the trial court to hear additional evidence and determine if the government could carry its burden on that issue. 437 U.S. at 4. Finding that such remand was constitutionally barred, the Supreme Court held that where a conviction is set aside due to insufficiency of the evidence, rather than for trial error, the double jeopardy clause specifically "forbids a second trial for the purpose of affording the

4

prosecution another opportunity to supply evidence which it failed to muster in the first proceeding."[5] *Id.* at 9.

Since *Burks* and *Greene*, "it has been established that an appellate reversal on the basis of insufficient evidence operates as the functional equivalent of an acquittal, and thus terminates jeopardy. Once jeopardy terminates in an acquittal, the Double Jeopardy Clause protects against a second prosecution for the 'same' offense." *Granger v. State*, 850 S.W.2d 513, 525 (Tex. Crim. App. 1993) (citing *Brown v. Ohio*, 432 U.S. 161 (1977)). Griffith asserts that the reasoning of *Burks* and *Greene* must apply in this case because, in his view, the evidence adduced at his first trial was legally and factually insufficient. In essence, he asks this Court to weigh the sufficiency of the evidence that the State produced in the first trial—although there has not yet been a final determination of guilt by the trier of fact—and hold that the evidence was insufficient as a matter of law.

As a general rule, "even under the guise of double jeopardy, challenges to the sufficiency of the evidence are not properly reviewed in a habeas corpus proceeding." *Mitchell v. State*, 963 S.W.2d 532, 539 (Tex. App.—Tyler 1996), *aff'd* 977 S.W.2d 575 (Tex. Crim. App. 1997); *see also Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); *Ex parte Coleman*, 599 S.W.2d 305, 307 (Tex. Crim. App. 1978); *Ex parte Sepulveda*, 358 S.W.2d 630, 630 (Tex. Crim. App. 1962); *Ex parte Wingfield*, 282 S.W.2d 219, 220 (Tex. Crim. App. 1955).

---

[5] *Greene*, decided the same day, applied the standard announced in *Burks* and held that a per curiam opinion of the state supreme court deciding that the evidence from the first trial was legally insufficient "compelled the conclusion that Greene's second trial violated the Double Jeopardy Clause." *Greene v. Massey*, 437 U.S. 19, 25 (1978).

Because the denial of habeas corpus relief permits an interlocutory appeal, appellate courts are careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that should not be put before appellate courts at the pretrial stage. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). Regardless of whether Griffith's claim is cognizable on habeas corpus, however, we find that it has been invalidated by decisions from our higher courts.

In *Richardson v. United States*, 468 U.S. 317 (1984), the Supreme Court directly confronted the argument Griffith advances. Like Griffith, the petitioner in *Richardson* was tried before a jury and twice moved for a judgment of acquittal on the ground that the prosecution had not introduced sufficient evidence to prove his guilt. *Id.* at 318. His motions were denied, and a mistrial was declared after the jury was unable to reach a verdict. *Id.* at 318-19. Citing *Burks*, the petitioner argued that he was entitled to interlocutory review of his claim that a second trial was barred by the double jeopardy clause because the government had failed to introduce legally sufficient evidence at the first trial. *Id.* at 320.

The *Richardson* court disagreed, emphasizing that its "decision in *Burks* did not extend beyond the procedural setting in which it arose" and rejecting petitioner's argument. Stressing the procedural dissimilarities between the two cases, the Court explained that *Burks* "arose out of an appellate finding of insufficiency of evidence to convict following a jury verdict of guilty," while in Richardson's trial, the jury was unable to agree on a verdict, resulting in a mistrial. *Id.* at 324. This distinction was critical because appellate reversal due to insufficient evidence is tantamount to an acquittal, *see Burks*, 437 U.S. at 18, while "a trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was

6

subjected." *Richardson*, 468 U.S. at 326. "Where, as here, there has been only a mistrial resulting from a hung jury, *Burks* simply does not require that an appellate court rule on the sufficiency of the evidence because retrial might be barred by the *Double Jeopardy Clause*." *Id.* at 323.

Declaring that Richardson's position was incompatible with its established case law concerning events that will terminate jeopardy, *see Logan v. United States*, 144 U.S. 263, 297-98 (1892); *United States v. Perez*, 22 U.S. 579, 580 (1824), the Court put the matter to rest, stating:

> [W]e reaffirm the proposition that a trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was subjected. The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree. *Regardless of the sufficiency of the evidence at petitioner's first trial*, he had no valid double jeopardy claim to prevent his retrial.

*Id.* at 326 (emphasis added).[6]

The Court then attempted to foreclose such claims from being asserted in future cases:

> It follows logically from our holding today that claims of double jeopardy such as petitioner's are no longer "colorable" double jeopardy claims which may be appealed before final judgment. . . . Since no set of facts will support the assertion of a claim of double jeopardy like petitioner's in the future, there is no possibility that a defendant's double jeopardy rights will be violated by a new trial . . . .

*Richardson*, 468 U.S. at 326 n.6.

---

[6] In his reply brief, Griffith attempts to distinguish *Richardson* by alleging that his challenges went to the legal sufficiency of the evidence, while *Richardson* dealt only with the petitioner's claims of factual sufficiency. Griffith's characterization of *Richardson* is erroneous in this regard, since the petitioner had in fact sought "interlocutory review of his claim that a second trial is barred by the *Double Jeopardy Clause* because the Government failed to introduce *legally* sufficient evidence to go to the jury at the first trial." *Richardson*, 468 U.S. at 320 (second emphasis added).

We think that *Richardson* is dispositive of Griffith's issue, and further note the Texas Court of Criminal Appeals's unqualified adoption of the "core proposition of jeopardy law" announced in *Richardson* that "a trial court's declaration of mistrial following a hung jury is *not* an event that *terminates the original jeopardy* to which petitioner was subjected." *Ex parte McAfee*, 761 S.W.2d 771, 772 (Tex. Crim. App. 1988) (emphases in original).

In *McAfee*, the court set forth that the protections against double jeopardy enshrined in the Fifth Amendment of the U.S. Constitution and Article I, § 14 of the Texas Constitution

> bar the Government and the State, respectively, from subjecting any person for the same offense to be *twice* put in jeopardy of life or limb. Thus an accused must suffer jeopardy before he can suffer double jeopardy. The Double Jeopardy Clauses do *not* mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. Absent a final judgment, he remains under the initial jeopardy. Therefore, a retrial for the same offense is not *double* jeopardy.

*Id.* at 772-72 (internal citations omitted) (emphases in original).

It is clear that in this case, where there has been no final judgment, Griffith has not yet suffered jeopardy such that further prosecution would subject him to double jeopardy. Moreover, absent a final judgment of conviction, we decline his request to assess the sufficiency of the evidence from the first trial on the basis that *Richardson* prevents such review. Griffith, having failed to point us to any authority mandating that an appellate court has the authority to review the sufficiency of the evidence raised in a trial that resulted in a hung jury on pretrial writ of habeas corpus, and having failed to distinguish binding authority holding to the contrary, has not shown error in the trial court's denial of his application. Accordingly, we overrule his issue and affirm the judgment of the trial court.

## CONCLUSION

Finding no error in the trial court's denial of Griffith's application for habeas corpus, we affirm the order.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   July 16, 2008

Do Not Publish